IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Patricia Miller, )
                        )
        Plaintiff, )
                        )
    vs. )
                        )  C.A. No. 6:07-89-HMH
Clear Channel Communications, Inc., and )
Live Nation, Inc., f/d/b/a Clear Channel )  **OPINION & ORDER**
Entertainment, Pyrotek Special Effects, )
Memphis, Inc., Lost Highway Touring, )
Inc., Cellar Door Concerts of the )
Carolinas, Inc., )
                        )
        Defendants. ) | |

This matter is before the court on Patricia Miller's ("Miller") motion for default judgment and Lost Highway Touring, Inc.'s ("Lost Highway") motion to set aside entry of default or, in the alternative, for relief from entry of default judgment. For the reasons below, the court grants Lost Highway's motion and denies Miller's motion as moot.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This is a personal injury case in which Miller alleges that she received irreparable hearing damage after attending a promotional event at the Bi-Lo Center in Greenville, South Carolina on June 4, 2004. (Compl. ¶ 7-10.) Allegedly, Miller's hearing damage resulted from loud, explosive sounds emanating from "a large round black object adjacent to her seat." (Id. ¶ 9-10.) Miller alleges that Lost Highway, along with the other defendants, contracted, organized, and promoted the event. (Id. ¶ 7.)

1

On June 25, 2007, Miller served a copy of the summons and complaint on Lost Highway via certified mail on its registered agent, Corporation Service Company d/b/a/ CSC – Lawyers Incorporating Service ("CSC"). (Pl.'s Mot. Default J. Ex. A (Rodney F. Pillsbury ("Pillsbury") Aff. 1).) Carol Ritchie ("Ritchie"), who is the secretary/treasurer of Lost Highway, states that in June 2007, Lost Highway maintained on file with CSC a physical address of 567 Purdy Street, Birmingham, Michigan 48099 ("Purdy Street address"), and a mailing address of P.O. Box 1230, Clarkston, Michigan 48348 ("mailing address"). (Ritchie Aff. ¶ 3.) Ritchie asserts that during the same time period, she actually operated Lost Highway out of her personal home. (Id. ¶ 4.) However, she designated the Purdy Street address as the physical address of Lost Highway in order to avoid disclosing her actual home address because Bob Ritchie, a/k/a Kid Rock, is her brother. (Id. ¶¶ 2, 4.) Ritchie states that "as of June 2007 . . . the physical address [of Lost Highway] was changed to the recording studio located at 8800 Allen Road, Clarkston, Michigan 48348." (Id. ¶ 4.) However, it is unclear whether she notified CSC to change the physical address on file for Lost Highway and, if so, when. (Id. ¶ 4.)

The Purdy Street address on file with CSC was the address for Punch Enterprises, Inc. ("Punch Enterprises"), the former physical address for Lost Highway. (Ritchie Aff. ¶ 4.) After Ritchie relocated the operations of Lost Highway, representatives from Punch Enterprises would accumulate any "stray mail" addressed to Lost Highway and periodically forward such mail to Ritchie at Lost Highway's mailing address. (Id. ¶ 5.)

Ritchie asserts that she assumed any correspondence from CSC would be forwarded to Lost Highway's mailing address on file with CSC. (Id. ¶ 4.) However, CSC forwarded the

2

summons and complaint to the Purdy Street address, where it was held with other "stray mail" by Punch Enterprises until forwarded to Ritchie on July 27, 2007. (Id. ¶ 6.) Ritchie asserts that upon receiving the summons and complaint, she immediately forwarded it to her insurance carrier, and an attorney was retained. (Id. ¶ 8.) In addition, Ritchie asserts that Lost Highway has a meritorious defense to this action in that it had no involvement with the installation of any pyrotechnic devices used at the concert. (Ritchie Aff. ¶ 10.)

## II. DISCUSSION OF THE LAW

Lost Highway moves for relief from entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Rule 55(c) states, "For good cause shown the court may set aside an entry of default . . . ." Fed. R. Civ. P. 55(c). "Traditionally, . . . relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which if believed, would permit either the Court or the jury to find for the defaulting party." Id. Other factors to consider include "the personal responsibility of the party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).[1]

---

[1] In the alternative, Lost Highway moves for relief from default judgment pursuant to Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure. However, default judgment has not been entered in this case.

3

Rule 55(c) permits a court to set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). "Federal Rule of Civil Procedure 55(c) must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Lolatchy, 816 F.2d at 954 (internal quotation marks omitted). "Although the criteria set forth in Rule 60(b) may be relevant to the determination of the presence of good cause, the standard for good cause under Rule 55(c) [for relief from entry of default] is more liberal than the standard for relief from judgment under Rule 60(b)." Philips v. Weiner, 103 F.R.D. 177, 181 (D.C. Me. 1984) (internal quotation marks and citations omitted); see also Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989).

Lost Highway urges the court to set aside entry of default. Based on the facts set forth above, the court finds that Lost Highway has demonstrated good cause and excusable neglect. Furthermore, the court finds that Lost Highway acted with reasonable diligence in seeking to set aside the default and has tendered a meritorious defense. Therefore, applying the factors set forth above, the court sets aside the entry of default and allows Lost Highway fifteen days from the date of this order to file a responsive pleading. See Fed. R. Civ. P. 6(b) (allowing the court to extend time to answer when "the failure to act was the result of excusable neglect"); see also Lolatchy, 816 F.2d at 954. Because the court grants Lost Highway's motion to set aside the clerk's entry of default, Miller's motion for default judgment is moot.

Therefore, it is

**ORDERED** that Lost Highway's motion to set aside entry of default, docket number 60, is granted. Lost Highway shall have fifteen (15) days from the date of this order to file a responsive pleading to Miller's complaint. It is further

**ORDERED** that Miller's motion for default judgment, docket number 48, is dismissed as moot.

**IT IS SO ORDERED.**

                                            s/Henry M. Herlong, Jr.
                                            United States District Judge

Greenville, South Carolina
September 12, 2007